TERRY COLLINGSWORTH (DC Bar # 471830)
Conrad & Scherer, LLP
1156 15th Street NW, Suite 502
Washington, DC 20005
Tel: 202-543-4001 / Fax: 1-866-803-1125

PAUL L. HOFFMAN (S.B.# 71244)
SCHONBRUN, DeSIMONE, SEPLOW,
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
Tel: 310-396-0731 / Fax: 310-399-7040

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE I, Individually and on behalf of Proposed Class Members; JOHN DOE II, Individually and on behalf of Proposed Class Members; JOHN DOE III, Individually and on behalf of Proposed Class Members; and GLOBAL EXCHANGE<br><br>Plaintiffs,<br>v.<br><br>NESTLÉ, S. A, NESTLÉ U.S.A., NESTLÉ Ivory Coast, ARCHER DANIELS MIDLAND CO., CARGILL INCORPORATED COMPANY, CARGILL COCOA, CARGILL WEST AFRICA, S.A<br><br>Defendants. | **CASE NO.: CV 05-5133 (SVW)**<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S SEPTEMBER 8, 2010 ORDER REGARDING AMENDING THE FIRST AMENDED COMPLAINT** |

**Plaintiffs' Response to Court's September 8, 2010 Order (Doc. No. 138) Regarding Amending the First Amended Complaint.**

This Court's Order on Defendants' dismissal motion made two dispositive rulings. First, the Court applied *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009), and held that aiding and abetting requires shared purpose, rather than knowledge. Slip Op. at 40-42, 49. Applying this standard, the Court found that Plaintiffs' had not alleged facts to establish that the Defendants acted with a shared purpose to utilize forced child labor when they provided substantial assistance to their cocoa suppliers. *Id.* at 69-70. Second, the Court ruled that corporations cannot be sued under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, because international law only recognizes liability against natural persons, not corporations. Slip Op. at 104. The Court then allowed Plaintiffs the opportunity to amend their Complaint to meet the new standards announced by the Court, or the case would be dismissed. *Id.* at 160-61.

As an initial matter, Plaintiffs note that they respectfully disagree with both of the Court's legal conclusions. As to the standard for aiding and abetting, Plaintiffs have fully briefed this and concluded that the standard is knowing and substantial assistance. *See, e.g.,* Plaintiffs' Opposition to Motion to Dismiss (Doc. No. 117) at 10-25. Further, for the reasons stated in Judge Leval's well-reasoned concurrence in *Kiobel v. Royal Dutch Petroleum,* Nos. 06-4800-cv, 06-4876-cv (2nd Cir. Sept. 17, 2010), whether federal common law or international law is applied, corporations are subject to suit under the ATS.

With respect to amending the Complaint, Plaintiffs are confident that facts exist to show that Defendants acted with a shared purpose with their suppliers to continue to utilize child labor because, *inter alia,* the joint objective was to produce cocoa at the lowest possible price, and child slaves are markedly cheaper to employ than adult employees. However, without access to facts that are within the exclusive control of the Defendant companies, Plaintiffs cannot make the

specific factual allegations required by this Court's ruling without discovery.

Further, Plaintiffs could amend their Complaint to add the names of the natural persons, who, acting on behalf of the Defendant companies, are responsible for perpeuating a cocoa production system that depends upon the cheap labor of child slaves if they were permitted discovery into the individuals responsible for these activities in the Ivory Coast within the defendant corporations. However, without discovery, Plaintiffs do not have sufficient knowledge to name specific individuals as defendants.

Plaintiffs' Complaint includes sufficient facts, as required by the Ninth Circuit after *Iqbal*, to permit plaintiffs to engage in at least limited discovery into these issues. *See, e.g., Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841-42 (9th Cir. 2007). This is particularly important with respect to the issues addressed by this Court in its Order because evidence of shared purpose and the identity of individual corporate employees responsible for the violations plaintiffs allege, involve facts that are within the exclusive possession of the Defendants.[1]

Plaintiffs here cannot make more detailed factual allegations on the disputed issues without the benefit of discovery. Thus, unless the Court permits at least some discovery to enable plaintiffs to make the allegations necessary to meet the Court's mens rea requirement, or to discovery the identities of the individuals responsible for the human rights violations they complain of, all of which are in defendants' control, plaintiffs reluctantly inform the Court and counsel that they are unable to file an Amended Complaint in response to the Court's Order.

---

[1] The Ninth Circuit recently held in *Twentieth Century Fox International Corp., v. Scriba*, 210 WL 2545790 (9th Cir. 2010), that the district court abused its discretion in denying discovery where the plaintiff had adequately pled a theory of alter ego against a defendant company, which, "if supported by some evidence, would provide a strong argument for the exercise of jurisdiction . . ." *Id.* at *2.

2

Respectfully submitted this 30th day of September, 2010,

By: _____   _____

Terry Collingsworth
CONRAD & SCHERER, LLP

Paul Hoffman
SCHONBRUN, DeSIMONE
SEPLOW, HARRIS & HOFFMAN LLP

Attorneys for Plaintiffs

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010, I electronically filed the foregoing Plaintiffs' Response to Court's September 8, 2010 Order Regarding Amending the First Amended Complaint with the United States District Court for the Central District of California by using the CM/ECF system.

A copy of the foregoing will be sent electronically to the registered ECF participants as identified on the Notice of Electronic Filing and a copy will be sent by U.S. mail to all non-registered parties.

/s/ [signature]