UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DOE I, Individually and on behalf of Proposed Class Members; JOHN DOE II, Individually and on behalf of Proposed Class Members; JOHN DOE III, Individually and on behalf of Proposed Class Members; GLOBAL EXCHANGE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NESTLE, S.A.; NESTLE U.S.A.; NESTLE Ivory Coast; ARCHER DANIELS MIDLAND CO.; CARGILL, Inc.; CARGILL COCOA; CARGILL WEST AFRICA, S.A.; and CORPORATE DOES 1-10,<br><br>　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 05-5133 SVW (JTLx)<br><br><br><br>ORDER DISMISSING CLAIMS WITH PREJUDICE AND DISMISSING PLAINTIFF GLOBAL EXCHANGE'S CALIFORNIA BUSINESS AND STATE LAW CLAIM FOR LACK OF JURISDICTION<br><br><br>JS6 |

## I.　Introduction

On September 8, 2010, the Court issued a detailed Order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Doc. No. 138 ("Order"). In view of the Ninth Circuit's strong policy permitting amendment of complaints, the Court granted Plaintiffs leave to amend. Order at 160.

The Court observed that based upon oral representations of

Plaintiffs' counsel and a prior failed attempt to amend the complaint to include additional material facts, Plaintiffs would be well-advised to consider an appeal rather than an amendment. Order at 160.

On September 30, 2010, Plaintiffs responded to the Court's Order. Plaintiffs once again stated their disagreement with the Court's legal conclusions. Plaintiffs' Response 1. Plaintiffs also sought discovery to both show Defendants' shared purpose with their suppliers and to name specific individual defendants. Plaintiffs' Response 1-2. Plaintiffs admit that without discovery, they are unable to amend their complaint to make the necessary allegations. Plaintiffs' Response 2.

**II. Discussion**

In Iqbal, the Supreme Court found that courts should not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009). After finding that the respondent's complaint was deficient under Rule 8, the Court specifically disallowed limited discovery. Iqbal, 129 S. Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

Plaintiffs claim that under Ninth Circuit authority after Iqbal, the Court must permit Plaintiffs to engage in limited discovery. Plaintiffs' Response 2 (citing Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 841-42 (9th Cir. 2007) and Twentieth Century Fox International Corp., v. Scriba, 2010 WL 2545790 (9th Cir. 2010)). However, neither case cited by Plaintiffs stands for this proposition.

In Skaff, a case decided two years before Iqbal, the Ninth Circuit found that the district court erred in dismissing a complaint for lack of standing under the Americans with Disabilities Act. Skaff, 506 F.3d

1  842-43.  In that case, the defendant argued that the plaintiff "pled no
2  constitutional injury because he did not allege the existence of
3  specific accessibility barriers with sufficient detail."  Id. at 841.
4  In dismissing this argument, the court reasoned that "the purpose of a
5  complaint under Rule 8 [is] to give the defendant fair notice of the
6  factual basis of the claim and of the basis for the court's
7  jurisdiction."  Id.  The court found that the plaintiff had alleged
8  sufficient facts and that the defendant had an array of discovery
9  devices available to seek additional specificity regarding the
10 plaintiff's standing.  Id. at 841-42.  The reasoning in Skaff, even if
11 consistent with Iqbal, does not support Plaintiffs, who argue they
12 should be allowed further discovery against defendants despite a
13 dismissal of their complaint under Fed. R. Civ. Pro. 12(b)(6).  First,
14 the Skaff court found sufficient facts were alleged in the plaintiff's
15 claim to meet Article III standing requirements.  Second, the Skaff
16 court did not address the issue of whether plaintiffs could seek
17 additional discovery to state facts giving rise to a plausible claim
18 for relief.
19      In Scriba, the Ninth Circuit overturned the dismissal of a
20 complaint because the district court improperly denied a plaintiff
21 discovery when dismissing a case for lack of personal jurisdiction.
22 Scriba, 2010 WL 2525790 at *2.  In that case, the plaintiff alleged
23 that the district court had personal jurisdiction over a foreign
24 corporation because the foreign corporation was an alter ego of another
25 corporation over which the court could exercise personal jurisdiction.
26 Id. at *1.  The plaintiff sought discovery on the alter ego issue to
27 support its allegation of personal jurisdiction at the motion to
28

1  dismiss stage.  Id.  The district court denied this request and
2  dismissed the complaint for lack of jurisdiction.  Id.  The Ninth
3  Circuit held that the plaintiff had met its burden of showing that it
4  faced actual and substantial prejudice without discovery on the issue
5  of personal jurisdiction.  Id. at 2.  The Ninth Circuit reasoned that
6  "Discovery 'may be appropriately granted where pertinent facts **bearing**
7  **on the question of jurisdiction** are controverted or where a more
8  satisfactory showing of the facts is necessary.'"  Id. at 2 (quoting
9  Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir.2008)) (emphasis
10 added).  However, Scriba does not control in this case.  The Scriba
11 court specifically restricted its analysis to discovery needed to show
12 that the court had jurisdiction over the defendants.  The court did not
13 address whether discovery could be granted despite a plaintiff's
14 failure to state facts giving rise to a plausible claim for relief.
15 Here, the Court dismissed Plaintiffs' complaint under Fed. R. Civ. Pro.
16 12(b)(6), finding substantively that Plaintiffs failed to allege
17 sufficient facts to state a claim to relief that is plausible on its
18 face.
19     Plaintiffs can cite to no law requiring the Court to allow
20 discovery at this stage.  Moreover, granting discovery to Plaintiffs,
21 who have failed to plead a proper complaint under Rule 8, would
22 squarely conflict with the Supreme Court's decision in Iqbal.

25 /
   /
26 /
   /
27 /
   /

1 **III. Conclusion**

2     In view of Plaintiffs' Response and the Court's September 8, 2010
3 Order, the Court holds that Plaintiffs' complaint is DISMISSED WITH
4 PREJUDICE. The claim of Plaintiff Global exchange for the alleged
5 violation of California Business and Professions Code section 17200 is
6 dismissed for lack of jurisdiction.

7
8
9     IT IS SO ORDERED.
10
11
12 DATED:   October 13, 2010
13                                                  STEPHEN V. WILSON
14                                         UNITED STATES DISTRICT JUDGE